STONE (RITCHIE v.). See Case No. 11,864.

## Case No. 13,487.

### STONE v. SPRAGUE et al.

[1 Story, 270;[1] 2 Robb, Pat. Cas. 10.]

Circuit Court, D. Rhode Island. June Term, 1840.

PATENTS — ABSTRACT PRINCIPLE — SPECIFIC MACHINERY—SPECIFICATIONS—LOOMS.

Where a patent for an improvement on looms set forth, as the invention claimed, "the communication of motion from the reed to the yarn beam, in the connexion of the one with the other, which is produced as follows," describing the mode; it was held, that the invention was limited to the specific machinery and mode of communicating the motion, &c. specially described in the specification. If it were otherwise construed, as including all modes of communicating the motion, &c. it would be utterly void, as being an attempt to patent an abstract principle, or for all possible and practicable modes of communicating motion whatsoever, though invented by others, and substantially different from the mode stated in the patent.

[Cited in Hovey v. Stevens, Case No. 6,746; Smith v. Downing, Id. 13,036; Singer v. Walmsley, Id. 12,900; Dederick v. Cassell, 9 Fed. 312; Rapid Service Store Ry. Co. v. Taylor, 43 Fed. 251; Blount Manuf'g Co. v. Bardsley, 66 Fed. 761.]

Case [by Amasa Stone against William and Amasa Sprague] for an infringement of a patent right for a new and useful improvement on looms, not known or used before. Plea, not guilty, with notice of special defence. At the trial it appeared, that the patent was dated on the 30th of April, 1829,

and the specification was as follows. "Be it known that I, Amasa Stone, of &c. have invented a new and useful improvement in looms not known or used before my discovery, which consists in the communication of motion from the reed to the yarn beam, and in the connexion of the one with the other, which is produced and described as follows." Then follows a minute description of the particular machinery. The specification then concluded as follows, after setting forth the advantages of the invention: "I claim as my invention the connexion of the reed with the yarn beam, and the communication of the motion from the one to the other, which may be done as above specified."

Several points were made at the trial, upon which a good deal of evidence was offered. The defendants contended: (1) That the invention was known before. (2) That the loom used by them was not identical with the invention and machinery used by the plaintiff; but was a substantially different invention. (3) That the patent was in fact a patent for an abstract principle, or all modes, by which motion could be communicated from the reed to the yarn beam, and the connexion of the one with the other, and not merely for the particular mode of communication specified in the machinery described in the specification; and that it was therefore void. On the other hand the plaintiff contended: (1) That he was the first and original inventor. (2) That the machines used by the defendants were substantially the same invention as his, and an infringement of it. (3) That the patent, if it embraced all modes of communication of motion from the reed to the yarn beam and in the connexion of the one to the other, (as the plaintiff insisted it did) was still good and maintainable in point of law. (4) That if the specification did not justify this interpretation of the plaintiff's claim, it was still good and clearly supported the claim to the particular machinery described in the specification, which the defendants had patented, and his patent had been infringed by the defendants.

The case was argued by Atwell & Staples, of New York, for plaintiff, and by Mr. Pratt and R. W. Greene, for defendants; and finally, the parties consented to a verdict for the defendants, upon the points of law ruled by the court, and took a bill of exceptions thereto.

STORY, Circuit Justice. Upon the question of the true interpretation of the specification the court entertain some doubt. But, on the whole, "Ut res valeat, quam pereat," we decide, that although the language is not without some ambiguity, the true interpretation of it is, that the patentee limits his invention to the specific machinery and mode of communication of the motion from the reed to the yarn beam, set forth, and specially described in the specification. We hold this opinion the

more readily, because we are of opinion, that if it be construed to include all other modes of communication of motion from the reed to the yarn beam, and for the connexion of the one to the other generally, it is utterly void, as being an attempt to maintain a patent for an abstract principle, or for all possible and probable modes whatsoever of such communication, although they may be invented by others, and substantially differ from the mode described by the plaintiff in his specification. A man might just as well claim a title to all possible or practicable modes of communicating motion from a steam-engine to a steamboat, although he had invented but one mode; or, indeed, of communicating motion from any one thing to all or any other things, simply because he had invented one mode of communicating motion from one machine to another in a particular case. This is our decided opinion; and if the counsel are dissatisfied, it will be easy to take the case by a bill of exceptions to the supreme court.

Verdict for defendants; and a bill of exceptions was taken by the plaintiff accordingly.